# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3841

_____

United States of America,            *
                                     *
            Appellant,               *
                                     *   Appeal from the United States
      v.                             *   District Court for the
                                     *   Northern District of Iowa.
Donna Peterson,                      *
                                     *
            Appellee.                *

_____

Submitted: June 15, 2006
Filed: August 4, 2006

_____

Before BYE, LAY, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

       After Donna Peterson pled guilty to a two-count indictment, the government
filed motions for substantial assistance under U.S.S.G. § 5K1.1 and 18 U.S.C.
§ 3553(e). The district court granted the motions and sentenced Peterson to
concurrent 68 month sentences, which represented a 50% downward departure from
the bottom of the advisory Guidelines range of 135 months' imprisonment, and a 43%
reduction below the statutory mandatory minimum sentence of 120 months'
imprisonment. The government appeals. We remand for resentencing.

## I.   BACKGROUND

Peterson pled guilty to a two-count indictment. Count one charged Peterson with conspiracy to manufacture and distribute methamphetamine within one thousand feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 860(a), which carried a statutory mandatory minimum sentence of 120 months' imprisonment. Count two charged Peterson with being an unlawful user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

At sentencing, the district court adopted Peterson's plea agreement admissions and the unopposed presentence investigation report, and calculated an advisory Guidelines sentencing range of 135 to 168 months. The government moved for a downward departure for substantial assistance under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), and recommended a 20% downward departure from the advisory Guidelines range. The government described Peterson's assistance as that of a "lower-level distributor," whose "information was useful but was not the only evidence to assist with the indictments of [co-conspirators]." The government considered Peterson's cooperation to be timely, and characterized the "truthfulness, completeness, and reliability" of Peterson's information and testimony as "okay." The government did not believe Peterson's assistance posed any injury, danger, or risk of injury to Peterson or her family. Peterson's counsel asked the district court to consider factors under section 3553(a), such as Peterson's drug treatment, relative sobriety, consistent work history, and family support, in determining Peterson's ultimate sentence.

The district court sustained the government's motions, noted the government's recommendation, and mentioned several factors it would consider, including Peterson's drug addiction, depression, and employment history. The court went on to consider factors under section 3553(a), including (1) the nature and circumstances of the offenses; (2) Peterson's personal history and characteristics, including use of Paxil for depression; (3) the advisory Guidelines range; (4) the recommended

Guidelines range for one of Peterson's yet-to-be sentenced co-conspirators; and (5) Peterson's post-offense rehabilitation. The court then stated:

> There is a mandatory minimum of 120 months, and the Court's aware of that, and the 5K motion pertains to going down that far, and then the 3553 allows the Court to go lower than that, and that's what the Court is contemplating at this time.

> . . . .

> The Court is now stating–this is not the sentence, but this is just to allow the lawyers to have a chance to make a final objection, and the Court is going to sentence the defendant to 68 months which is a 50 percent reduction.

The government objected to the downward departure, arguing the district court impermissibly blended its consideration of the substantial assistance motions under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) with factors other than Peterson's assistance, namely those factors set forth in 18 U.S.C. § 3553(a). Peterson's counsel admitted Peterson withdrew her motion for a downward variance once the government filed the motions for substantial assistance. Nevertheless, the district court stated, "The Court is standing with what it said before. The Court feels that the government is attempting to say that this is [an] unreasonable [sentence]." In conclusion, the district court said:

> The Court will grant the 5K1 motion by the government. The Court will grant the 3553(e) motion by the government.

> Pursuant to the Sentencing Reform Act, the Court is to impose a sentence sufficient but not greater than necessary to comply with sentencing purposes. In order to do so, the Court has fully considered the aforementioned advisory guidelines and the factors set forth in 18 U.S. Code section 3553(a), sections (1) through (7), as well as the defendant's substantial assistance.

The district court sentenced Peterson to concurrent 68 month sentences on counts one and two, representing a 50% downward departure from the bottom of the advisory Guidelines range of 135 months, and representing a 43% reduction below the 120 month statutory minimum sentence. The government appeals, arguing the district court erred in (1) varying from the advisory Guidelines range before ruling on the substantial assistance motions, and (2) considering factors under section 3553(a) in determining Peterson's substantial assistance.

## II. DISCUSSION

We review de novo the district court's interpretation and application of the Guidelines, we review for clear error the district court's factual findings, and we review for an abuse of discretion the district court's decision to depart from the appropriate Guidelines range. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005).

When the government files a motion for substantial assistance pursuant to U.S.S.G. § 5K1.1, "the court may depart from the guidelines." A motion by the government pursuant to 18 U.S.C. § 3553(e) provides the sentencing court with further "authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." We have held "[t]he extent of a departure or reduction pursuant to § 5K1.1 or § 3553(e) can be based only on assistance-related considerations, and our review of a reduction for substantial assistance typically centers on the non-exhaustive list of factors set forth in § 5K1.1." United States v. Saenz, 428 F.3d 1159, 1162 (8th Cir. 2005) (listing the U.S.S.G. § 5K1.1(a) factors the court may consider, which include: (1) the significance and usefulness of the defendant's assistance; (2) the truthfulness, completeness, and reliability of the defendant's information and testimony; (3) the nature and extent of the defendant's assistance; (4) any injury, danger, or risk of injury to the defendant or his family due to his assistance; and (5) the timeliness of

the defendant's assistance (citation and quotation omitted)); cf. United States v. Pamperin, No. 05-3632, slip op. at 5 (8th Cir. Aug. 3, 2006) (noting, similarly, the government's decision to withhold substantial assistance motions may not be based "on factors other than the substantial assistance provided by the defendant" (internal quotation omitted)).

In Peterson's case, the district court granted a 50% downward departure from the Guidelines range (43% below the statutory minimum sentence). In doing so, the district court discussed factors other than Peterson's assistance. However, on the record before us, we cannot determine (1) the weight the district court gave permissible factors regarding Peterson's assistance, (2) the district court's position regarding the government's recommendation of a 20% downward departure, and (3) for what purpose the district court considered factors other than Peterson's assistance, noting in particular, Peterson withdrew her motion for downward variance when the government moved for substantial assistance. Given the nature of Peterson's assistance, it is uncertain whether a 50% reduction based solely on Peterson's assistance would be reasonable, although we state no opinion regarding the reasonableness of such a reduction. See Mashek, 406 F.3d at 1017 (concluding if the sentence imposed by the district court is "the result of an incorrect application of the guidelines, we will remand for resentencing . . . without reaching the reasonableness of the resulting sentence" (citing 18 U.S.C. § 3742(f)(1)). Because the district court did not specify its reasons for granting the motions for substantial assistance, apart from other sentencing considerations, we must remand for resentencing. See 18 U.S.C. § 3553(c)(2) (stating the district court must specifically state its reasons for varying from the Guidelines range); id. § 3742(f)(2) (requiring appellate courts to remand for resentencing when the district court fails to provide reasons for its sentencing variance or grants a departure based on an impermissible factor).

## III.   CONCLUSION

As directed by 18 U.S.C. § 3742(f)(1), (2), we vacate Peterson's sentence and remand for resentencing consistent with this opinion.

_____