# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3916

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Donna Peterson, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 25, 2007
Filed: November 15, 2007

_____

Before WOLLMAN, HANSEN, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Donna Peterson (Peterson) pled guilty to conspiring to manufacture and distribute methamphetamine within one thousand feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 860(a), and to being an unlawful drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Peterson was sentenced to two concurrent sentences of 68 months' imprisonment. After we remanded this case for resentencing, the district court imposed the same two concurrent sentences of 68 months' imprisonment on Peterson. For the reasons stated below, we vacate Peterson's sentences and remand the case to the district court for resentencing.

## I. BACKGROUND

Because we previously discussed the facts of this case in <u>United States v. Peterson</u>, 455 F.3d 834, 835-36 (8th Cir. 2006), (<u>Peterson I</u>), we briefly state the relevant facts for our decision to remand this case for resentencing. At the first sentencing, the district court adopted the plea agreement and calculated an advisory sentencing Guidelines range of 135 to 168 months' imprisonment. The government filed motions for a downward reduction based on substantial assistance under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), recommending a 20% downward departure from the advisory Guidelines range. The district court granted the government's motions, noted the government's recommendation, and sentenced Peterson to two concurrent 68-month sentences. Peterson's 68-month sentences represented a seven level downward reduction, approximately 50% below the bottom of the advisory Guidelines range of 135 months' imprisonment and 43% below the statutory minimum sentence of 120 months' imprisonment. In doing so, the district court discussed and apparently relied on § 3553(a) factors, including Peterson's drug addiction, depression, and employment history.

The government appealed the sentence, arguing the district court impermissibly blended its considerations of the substantial assistance motions with § 3553(a) factors. Noting a departure or reduction under § 5K1.1 or § 3553(e) must be based only on assistance related considerations, we held, "because the district court did not specify its reasons for granting the motions for substantial assistance, apart from other sentencing considerations, we must remand for resentencing."[1] <u>Peterson I</u>, 455 F.3d at 837.

---

[1]We further suggested, "given the nature of Peterson's assistance, it is uncertain whether a 50% reduction based solely on Peterson's assistance would be reasonable, although we state no opinion regarding the reasonableness of such reduction." <u>Peterson I</u>, 455 F.3d at 837. We now state our opinion regarding the reasonableness of the reduction.

On remand, the district court granted the same reduction and imposed the same concurrent sentences of 68 months. The government, once again, appeals Peterson's sentences, arguing the court impermissibly considered § 3553(a) factors and the sentencing reduction of seven levels is unreasonable.

## II.    DISCUSSION

We review de novo the district court's interpretation and application of the Guidelines, we review for clear error the district court's factual findings, and we review for an abuse of discretion the district court's decision to depart from the appropriate Guidelines range. Peterson I, 455 F.3d at 837. A district court is without authority to impose a sentence below a statutory minimum unless, for example, the government files a motion for downward reduction based on a defendant's substantial assistance. See United States v. Williams, 474 F.3d 1130, 1130-31 (8th Cir. 2007) (citing 18 U.S.C. § 3553(e)). "Where a court has authority to sentence below a statutory minimum only by virtue of a government motion under § 3553(e), the reduction below the statutory minimum must be based exclusively on assistance-related considerations." Id.; see also Peterson I, 455 F.3d at 837.

In resentencing Peterson, the district court stated:

[T]he court is persuaded that Congress's primary mandate to sentence is contained in the first sentence of 3553(a): The Court shall impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in section 3553(a)(2). . . . It requires the district courts to ascertain the lowest sentence that would be sufficient to achieve the purposes of criminal sentencing enumerated in section 3553(a)(2) with respect to the particular offender before the Court. . . .

[T]he Court has considered the aforementioned advisory guidelines and the factors set forth in 5K1 and also in 18 U.S. Code 3553(a)(1) through (7) as well as the defendant's substantial assistance.

-3-

At first glance, it appears the district court erroneously considered § 3553(a) factors in sentencing Peterson. However, the district court also declared:

> [I]f the circuit finds that I shouldn't have talked about 3553(e) or (a) or either one of them, why, I still am saying that I have gone through the 5K1 motions one at a time, and I'm basing my substantial assistance ruling of 68 months solely on the 5K1 motions and factors.

Because the district court explicitly proclaimed it did not consider § 3553(a) factors, we turn our analysis to the question of whether the 68-month sentences, a seven level substantial assistance reduction, is reasonable, applying an abuse of discretion standard. United States v. Burns, 500 F.3d 756, 760 (8th Cir. 2007) (en banc).

We previously established the rule that extraordinary circumstances are required to justify extraordinary reductions from the Guidelines recommendations. United States v. Meyer, 452 F.3d 998, 1001 (8th Cir. 2006). By extraordinary reductions we mean departures or variances "we have considered particularly large relative to the two to four offense level adjustments generally envisioned by the structure of the sentencing guidelines for mitigating or aggravating circumstances." Burns, 500 F.3d at 762 (citing United States v. Saenz, 428 F.3d 1159, 1162 (8th Cir. 2005)). We must conduct a proportionality analysis. Id. at 761-62. "[O]ur extraordinary reduction/extraordinary circumstances formulation requires circumstances of a strength proportional to the extent of the deviation from reductions envisioned by the guidelines's structure." Id. There are no extraordinary circumstances in Peterson's assistance to justify the district court's extraordinary seven level reduction.

As stated in Peterson I, "[t]he government described Peterson's assistance as that of a 'lower-level distributor,' whose 'information was useful but was not the only evidence to assist with the indictments of [co-conspirators].'" Peterson I, 455 F.3d at

836. The government considered Peterson's cooperation to be timely, truthful, complete, and reliable. Id. The record indicates Peterson testified before a grand jury twice and at one jury trial. Peterson's trial testimony was not complete or totally successful because she was nervous. In addition, Peterson made one controlled telephone call and she wore a wire one time, but the attempt was unsuccessful. A substantial assistance reduction is judged by the degree and quality of the assistance actually provided, not the defendant's willingness to do more and inability to do so. See Saenz, 428 F.3d at 1163-64. The evidence does not clearly or persuasively demonstrate Peterson's assistance posed any particular injury, danger or risk to Peterson or her family.[2] Nothing indicates Peterson's assistance was beyond the general range of assistance provided by most other cooperating defendants.

Peterson's assistance—while reliable and useful to indict and convict other defendants with whom she distributed drugs—could not reasonably be characterized as extraordinary. "Extraordinary circumstances are infrequently found and involve assistance going well beyond that provided by other defendants." Burns, 500 F.3d at 763. Explaining this proportionality further, we stated, "[r]equiring more qualitatively impressive substantial assistance to justify progressively larger departures furthers the goal of reducing unjustified sentencing disparities and yet recognizes that situations exist at the tapering edge of the assistance bell-curve that justify departures that

---

[2]At the re-sentencing hearing, Peterson argued her assistance posed injury, danger, or risk of injury. The government, however, responded that Peterson did not raise this issue at her initial sentencing hearing, thus, these new allegations could not be considered. The district court did not accept Peterson's new claim. However, "[o]nce a sentence has been vacated . . . and the case has been remanded for resentencing, the district court can hear any relevant evidence on that issue that it could have heard at the first hearing." United States v. Cornelius, 968 F.2d 703, 705 (8th Cir. 1992). Nevertheless, we are skeptical of Peterson's new arguments because they were not raised at her initial sentencing hearing. The district court may address this argument upon remand.

substantially exceed the Sentencing Guidelines's range." Id.  In this context, we conclude the district court's seven level substantial assistance reduction to Peterson's sentences is an abuse of discretion, and the 68-month sentences are unreasonable.

## III.    CONCLUSION

We vacate Peterson's concurrent sentences and remand for resentencing.

_____