# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1077

_____

United States of America,           *
                                   *
           Appellant,      *
                                   *   Appeal from the United States
    v.                         *   District Court for the
                                   *   Eastern District of Missouri.
Kempheny Stewart,            *
                                   *
           Appellee.       *

_____

Submitted:  October 18, 2007
Filed:  December 5, 2007

_____

Before RILEY, MELLOY, and COLLOTON, Circuit Judges.

_____

RILEY, Circuit Judge.

Kempheny Stewart (Stewart) pled guilty to conspiring to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. Stewart's advisory sentencing Guidelines range was 262 to 327 months' imprisonment with a mandatory minimum sentence of 240 months' imprisonment. After the government filed a motion for downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the district court imposed a sentence of 99 months' imprisonment. For the reasons stated below, we vacate Stewart's sentence and remand the case to the district court for resentencing.

## I.  BACKGROUND

Neither party challenges the facts leading to Stewart's guilty plea nor do they dispute Stewart's advisory sentencing Guidelines range.  The only disputed issue is whether Stewart's sentence is reasonable.  Thus, we briefly state the relevant facts for our decision to remand this case for resentencing.

Stewart pled guilty to one count of conspiring to distribute 500 grams or more of methamphetamine.  The unobjected-to presentence investigation report (PSR) indicated, due to prior felony drug trafficking convictions, Stewart was a career offender, making his total offense level 34 and his criminal history category VI.  Stewart's advisory Guidelines range was 262 to 327 months, and his mandatory minimum sentence was 240 months' imprisonment.  As part of his plea agreement, Stewart cooperated with the government, and the government filed motions for a downward reduction based on substantial assistance under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).

At sentencing, and based on Stewart's substantial assistance, the government recommended a sentence of 180 months' imprisonment, four offense levels (approximately 30%) below the bottom of the advisory Guidelines range and 25% below the mandatory minimum sentence.  Stewart argued his sentence should be 120 months' imprisonment.  The district court reduced the sentence further and imposed a sentence of 99 months' imprisonment.  Stewart's sentence represented an eleven level downward departure, more than a 60% reduction from the bottom of the advisory Guidelines range and almost a 60% reduction from the mandatory minimum sentence.

Arguing Stewart's sentence reduction of eleven levels is unreasonable, the government appeals.

## II. DISCUSSION

"When sentencing a defendant, the district court must first determine the applicable advisory Guidelines range . . . relying upon [the defendant's] offense level and criminal history." United States v. Dalton, 478 F.3d 879, 881 (8th Cir. 2007) (Dalton II). "The district court can then decide if a traditional departure from that advisory range is warranted, including one based upon substantial assistance motions, by utilizing the Guidelines and the policy statements contained therein, and if so, arrive at a final advisory Guidelines sentence." Id. A district court is without authority to impose a sentence below a mandatory minimum sentence unless, for example, the government files a motion for downward reduction based on a defendant's substantial assistance. See United States v. Williams, 474 F.3d 1130, 1130-31 (8th Cir. 2007) (citing 18 U.S.C. § 3553(e)). "Where a court has authority to sentence below a statutory minimum only by virtue of a government motion under § 3553(e), the reduction below the statutory minimum must be based exclusively on assistance-related considerations." Id.; see also United States v. Peterson, No. 06-3916, 2007 WL 3376981, at *1 (8th Cir. 2007) (Peterson II).

"When determining the appropriate extent of a substantial-assistance downward departure, the district court should consider the following five factors: (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; [and] (5) the timeliness of the defendant's assistance." United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005) (Dalton I) (citing U.S.S.G. § 5K1.1(a)). "These five factors are not 'an exhaustive list,' and the district court is not required 'to examine each of the listed factors in § 5K1.1 on the record and explain exactly just what weight it gives to each in its departure decision.'" Id.

In addition, we follow the rule that extraordinary circumstances are required to justify extraordinary reductions from the advisory sentencing Guidelines range. See United States v. Meyer, 452 F.3d 998, 1001 (8th Cir. 2006). By extraordinary reductions we mean departures or variances "we have considered particularly large relative to the two to four offense level adjustments generally envisioned by the structure of the sentencing guidelines for mitigating or aggravating circumstances." United States v. Burns, 500 F.3d 756, 762 (8th Cir. 2007) (en banc) (citing United States v. Saenz, 428 F.3d 1159, 1162 (8th Cir. 2005)). We must conduct a proportionality analysis. Id. at 761-62; see also Peterson II, 2007 WL 3376981, at *2. "[O]ur extraordinary reduction/extraordinary circumstances formulation requires circumstances of a strength proportional to the extent of the deviation from reductions envisioned by the guidelines's structure." Burns, 500 F.3d at 761-62. "Extraordinary circumstances are infrequently found and involve assistance going well beyond that provided by other defendants." Id. at 763.

If a defendant's sentence is appealed, "[w]e review de novo the district court's interpretation and application of the Guidelines, we review for clear error the district court's factual findings, and we review for an abuse of discretion the district court's decision to depart from the appropriate Guideline range." United States v. Peterson, 455 F.3d 834, 837 (8th Cir. 2006) (Peterson I). We have previously stated, "what the district court *is* required to do is act reasonably when exercising the discretion it is given, and we will not infer a reasoned exercise of discretion from a record that suggests otherwise or is silent." Dalton I, 404 F.3d at 1033.

With these precepts in mind, we find two flaws in Stewart's sentence. First, the district court failed to state how it arrived at a 99-month sentence. The record is silent with respect to the district court's evaluation of Stewart's assistance to the government. Thus, the record does not show a reasoned exercise of the district court's sentencing discretion.

Second, the record does not indicate any extraordinary circumstances in Stewart's assistance that could possibly justify the district court's extraordinary reduction of eleven levels. In the U.S.S.G § 5K1.1 and § 3553(e) motions, the government assessed Stewart's assistance as timely, truthful, complete, reliable, useful to secure other guilty pleas by other co-conspirators, and instrumental in securing the guilty plea of a person considered a "ringleader." On the other hand, in its substantial assistance motion, the government also states, "[t]he defendant did not engage in any proactive assistance such as conducting a 'controlled buy' of narcotics or wearing a listening device to gather evidence. While the [d]efendant agreed to testify if requested to do so, he ultimately did not testify in any proceeding." "A substantial assistance reduction is judged by the degree and quality of the assistance actually provided, not the defendant's willingness to do more and inability to do so." Peterson II, 2007 WL 3376981 at *2. Stewart's assistance, based on the government's motion alone, could not reasonably be characterized as sufficiently extraordinary to merit an eleven level sentence reduction. The record also does not indicate Stewart or his family were ever injured, in danger, or at risk. Stewart's assistance, as related in this record, is not extraordinary.

## III. CONCLUSION

Because the district court did not indicate (1) how Stewart's assistance was evaluated and (2) what extraordinary circumstances could exist justifying this extraordinary reduction of eleven levels in Stewart's sentence, we cannot determine the district court reasonably exercised its discretion in sentencing Stewart.[1] We,

---

[1]The government also argues the district court may have impermissibly blended Stewart's criminal history with notions of substantial assistance in imposing Stewart's sentence. For purposes of a substantial assistance motion, considering criminal history would be wrong. See Peterson II, 2007 WL 3376981 at *1; Williams, 474 F.3d at 1130-31. However, from this record, we cannot discern specifically how the district court considered Stewart's criminal history in rendering the sentence. Thus, we cannot conduct a meaningful review of this issue.

therefore, vacate Stewart's sentence and remand for resentencing consistent with this opinion.

_____