# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2579

———————

United States of America,

        Appellee,

v.

William Roderick Worrels,

        Appellant.

\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*   [UNPUBLISHED]
\*
\*

———————

Submitted: April 3, 2008
Filed: April 8, 2008

———————

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

William Worrels appeals the sentence the district court[1] imposed following his guilty plea to conspiring to distribute 50 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 846. Worrels was sentenced to 167 months in prison and 7 years of supervised release. Worrels's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967). For reversal, in both counsel's brief and Worrels's pro se brief, Worrels argues that the district court erred by believing it could not credit the information provided by

———————

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

Worrels that had not yet resulted in a successful prosecution or investigation in determining the appropriate substantial-assistance departure reduction from his advisory Guidelines range.

We disagree with Worrels and conclude that the district court did not have to consider assistance that was not substantial or that did not result in the investigation or prosecution of another person in determining the appropriate departure reduction. See 18 U.S.C. § 3553(e) (upon motion of government, court has authority to impose sentence below mandatory minimum sentence to reflect defendant's "substantial assistance in the investigation or prosecution of another person"); United States v. Stewart, 509 F.3d 450, 453 (8th Cir. 2007) (substantial-assistance reduction is judged by degree and quality of assistance actually provided, not defendant's willingness to do more); see also United States v. Fields, 512 F.3d 1009, 1012 (8th Cir. 2008) (if assistance is not helpful, defendant may not receive benefit of departure); United States v. Saenz, 428 F.3d 1159, 1164 (8th Cir. 2005) (same); United States v. Johnson, 241 F.3d 1049, 1055 n.5 (8th Cir. 2001) (additional post-sentencing substantial assistance can be considered pursuant to Fed. R. Crim. P. 35(b) motion). The record shows that the court properly considered the government's evaluation of the assistance rendered and gave appropriate consideration to the other U.S.S.G. § 5K1.1 factors.

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw.

The judgment is affirmed.

_____