# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2715

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Donna Peterson, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 12, 2009
Filed: September 11, 2009

_____

Before WOLLMAN, RILEY, and COLLOTON, Circuit Judges.

_____

RILEY, Circuit Judge.

At issue in this appeal is whether the district court[1] abused its discretion in granting Donna Peterson (Peterson) a 50% reduction for substantial assistance. This is the third time the government has appealed Peterson's sentence. We have twice vacated and remanded for resentencing. See United States v. Peterson, 507 F.3d 1115, 1119 (8th Cir. 2007) (Peterson II); United States v. Peterson, 455 F.3d 834, 838 (8th Cir. 2006) (Peterson I). For the reasons stated in this opinion, we now affirm.

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

## I.    BACKGROUND

The facts of this case were extensively discussed in Peterson I, 455 F.3d at 835-36, and Peterson II, 507 F.3d at 1117-18.  In April 2005, Peterson pled guilty to (1) conspiracy to manufacture and distribute methamphetamine within 1,000 feet of a school, and (2) possession of a firearm by an unlawful user of controlled substances. Count I carried a mandatory minimum sentence of 120 months imprisonment, and Peterson's advisory United States Sentencing Guidelines (Guidelines or U.S.S.G.) range was 135 to 168 months imprisonment.

At the first sentencing hearing, the government moved for a downward departure for substantial assistance, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), and recommended a 20% reduction.  The district court granted a 50% reduction from the bottom of Peterson's advisory Guidelines range, which was approximately a seven-level reduction, and Peterson was sentenced to two concurrent terms of 68 months imprisonment.  We vacated the sentence and remanded for resentencing because the district court discussed factors other than Peterson's assistance at sentencing, and it was not clear from the transcript whether the district court impermissibly considered those factors in departing downward.  See Peterson I, 455 F.3d at 837.

On remand, the district court imposed the same sentence, but declared it had considered only the U.S.S.G. § 5K1.1 assistance-related factors, and not the 18 U.S.C. § 3553(a) sentencing factors, in determining the extent of the reduction.  See Peterson II, 507 F.3d at 1118.  The government again appealed, arguing the extent of the departure was not reasonable.  Id.  We vacated the sentence and remanded for a second resentencing because we concluded, "There are no extraordinary circumstances in Peterson's assistance to justify the district court's extraordinary seven level reduction."  Id. at 1119.

The district court commenced Peterson's third sentencing hearing on May 2, 2008. Peterson's counsel argued, in light of the Supreme Court's decision in Gall v. United States, 552 U.S. 38 (2007), our court's requirement that there be extraordinary circumstances to justify extraordinary departures no longer applied. Peterson's counsel presented additional evidence of substantial assistance, which had not been presented at either of the two previous sentencing hearings. Peterson's counsel argued Peterson (1) provided information about an individual named Mario Janssen (Janssen), who was later indicted, and (2) provided information about Colin Hill (Hill), a man who allegedly had made a threat against Peterson and her daughter during the conspiracy before Peterson began cooperating with law enforcement. At the request of the district court, Peterson's previous counsel and a United States Probation Officer testified at the hearing. The district court questioned the probation officer about her chart detailing Peterson's cooperation. The government requested a continuance because it was not prepared to cross-examine the probation officer.

The sentencing was continued to June 4, 2008. The district court again granted a 50% reduction and sentenced Peterson to two concurrent terms of 68 months imprisonment. The district court opined that while Peterson was a "minor-level participant," she was a "high-level informant" who had named twenty-nine people in the conspiracy. The district court addressed the U.S.S.G. § 5K1.1 factors,[2] explaining: (1) "the evaluation of [Peterson's] significance and usefulness was high"; (2) there was no reason to believe Peterson's information was not truthful, complete, and reliable; (3) "there would [not] be a whole lot of people that were indicted around

---

[2]U.S.S.G. 5K1.1(a) states, in determining the extent of a downward departure for substantial assistance, the district court may consider: "(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; [and] (5) the timeliness of the defendant's assistance."

Spencer[, Iowa,] that weren't first told [Peterson] was the person who first told who they were and what they were doing"; (4) Peterson provided information on Hill despite Hill's alleged threat against Peterson and her daughter during the conspiracy and despite Peterson's knowledge of Hill's violent history; and (5) Peterson provided assistance in as timely a manner as the district court had ever seen.  The district court entered a twenty-page order on July 20, 2008, explaining the rationale for Peterson's sentence.  The government appeals.

## II.    DISCUSSION

We review the extent of a substantial assistance reduction for abuse of discretion.  See United States v. Burns, __ F.3d __, __, Nos. 04-2901/04-2933, 2009 WL 2525585, at *7 (8th Cir. Aug. 20, 2009) (en banc).  At the time we issued our opinion in Peterson II, our court reviewed downward departures based on substantial assistance using "proportionality analysis," wherein we required extraordinary circumstances to justify an extraordinary reduction.  See Peterson II, 507 F.3d at 1118-19 (citing United States v. Saenz, 428 F.3d 1159, 1162 (8th Cir. 2005)).  However, our en banc court recently concluded, in light of Gall, this proportionality analysis is no longer appropriate.  See Burns, 2009 WL 2525585, at *7 ("We see no basis upon which to say that the [Supreme] Court's admonitions regarding the highly deferential view that appellate courts should take towards a district court's appraisal of the § 3553(a) factors should not also apply to the district court's findings and determinations regarding the five § 5K1.1 factors as it calculates the substantiality of the defendant's assistance when ruling on the government's motion for a reduction under § 3553(e).").  "The question then is whether, after putting aside all notions of exceptional/extraordinary circumstances, departure percentages, proportionality review, and similar data-based standards of review, the reduction granted to [Peterson] is substantively unreasonable."  Id. at *8.

The government contends the district court abused its discretion because (1) the actual significance and usefulness of Peterson's assistance did not warrant a seven-

level reduction; and (2) the district court improperly considered certain factors, including Peterson's drug use, and gave improper weight to other factors, including the alleged threat from Hill, Peterson's assistance concerning Janssen, and whether Peterson was the first conspirator to cooperate.

Having reviewed the record and considered the government's arguments, we conclude the district court did not significantly consider any improper factors nor make any clearly erroneous factual findings. See United States v. Mills, 491 F.3d 738, 741 (8th Cir. 2007) (stating "factual findings supporting a departure are reviewed for clear error"). We also find the district court was acting within its discretion when it considered Peterson's additional evidence that was not presented at the original sentencing. See Peterson II, 507 F.3d at 1119 n.2 (noting that once a sentence has been vacated and remanded for resentencing, the district court is permitted to consider relevant evidence the court could have heard at the original sentencing).

Finally, under the deferential standard of review announced in Burns, we cannot say the extent of the substantial assistance reduction is unreasonable. See Burns, 2009 WL 2525585, at *7-8. While we may have evaluated the significance and usefulness of Peterson's assistance, as well as the other § 5K1.1 factors, differently, this is not a basis for reversing the district court. The district court gave an adequate explanation for its assessment, and we cannot say the district court's "assessment was [] capricious, whimsical, impressionistic, or ire-driven." Id. at *8. Thus, we find no abuse of discretion.

## III. CONCLUSION

We affirm Peterson's sentence and the judgment of the district court.

_____