# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2346

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Fernando Sanchez, | * | |
| | * | |
| Appellant. | * | |

_____

No. 11-2347

_____

Appeals from the United States
District Court for the
Northern District of Iowa.

| | | |
|---|---|---|
| United States of America, | * | |
| | * | [UNPUBLISHED] |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Rafael Alegria-Ugalde, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2012
Filed: June 27, 2012

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Fernando Sanchez, Rafael Alegria-Ugalde, and two other men were pulled over in a Chevrolet Tahoe, in which police found a handgun and a substance containing over 500 grams of pure methamphetamine. Sanchez and Alegria-Ugalde were both charged with possession with intent to distribute 500 grams or more of a substance containing methamphetamine, a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Alegria-Ugalde was also charged with possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c), and unlawful reentry after removal subsequent to a felony conviction, a violation of 8 U.S.C. § 1326(a), (b). Sanchez and Alegria-Ugalde both pled guilty to the methamphetamine count, Alegria-Ugalde pled guilty to the unlawful reentry count, and the district court dismissed the firearm count on the Government's motion. The district court[1] sentenced Sanchez and Alegria-Ugalde to 146 months' and 295 months' imprisonment, respectively. They appeal on various grounds, and we affirm.

The district court granted Sanchez a three-level downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1. Sanchez challenges that departure, arguing that it should have been five levels because the district court failed to consider adequately threats made against his family and the full extent of his cooperation. However, "[t]he extent of a downward departure is not reviewable absent an unconstitutional motive." *United States v. Robinson*, 536 F.3d 874, 878 (8th Cir. 2008). Because Sanchez has not argued that there was such an unconstitutional motive or that the district court erroneously believed that it lacked the authority to depart further downwards, *see United States v. Lawson*, 563 F.3d 750,

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

753 (8th Cir. 2009), the extent of the departure the district court granted is not reviewable.

Sanchez further argues that the district court failed to state the reasons for its departure under § 5K1.1. Because Sanchez failed to object on this ground at sentencing, we review for plain error only. *See United States v. Poitra*, 648 F.3d 884, 888 (8th Cir. 2011). Under any standard of review, though, Sanchez's claim fails. "When determining the appropriate extent of a substantial-assistance downward departure, the district court should consider" the five factors listed in § 5K1.1(a). *United States v. Stewart*, 509 F.3d 450, 452 (8th Cir. 2007) (quoting *United States v. Dalton*, 404 F.3d 1029, 1033 (8th Cir. 2005)). However, "[t]hese five factors are not 'an exhaustive list,' and the district court is not required 'to examine each of the listed factors in § 5K1.1 on the record and explain exactly just what weight it gives to each in its departure decision.'" *Dalton*, 404 F.3d at 1033 (quoting *United States v. McCarthy*, 97 F.3d 1562, 1577 (8th Cir. 1996)).

The record of Sanchez's sentencing hearing shows that the district court did in fact hear argument as to "the significance and usefulness of the defendant's assistance," § 5K1.1(a)(1), "the nature and extent of the defendant's assistance," § 5K1.1(a)(3), "any injury suffered [by] . . . the defendant or his family resulting from his assistance," § 5K1.1(a)(4), and "the timeliness of the defendant's assistance," § 5K1.1(a)(5). The record makes it clear that the district court was aware of Sanchez's arguments, "and we therefore presume that the district court considered and rejected them." *United States v. Johnson*, 619 F.3d 910, 922 (8th Cir. 2010). The district court was not required to engage in a mechanical recitation of the § 5K1.1 factors, *see Dalton*, 404 F.3d at 1033, and, as a result, we reject Sanchez's contention that the district court did not adequately explain the reasons for the departure it granted.

Finally, to the extent that Sanchez contends that his sentence was substantively unreasonable, "[w]hen assessing substantive reasonableness, we consider the totality of the circumstances at sentencing, and we review for abuse of discretion only." *United States v. Diaz-Pellegaud*, 666 F.3d 492, 501 (8th Cir. 2012). Beyond the arguments addressed above, Sanchez fails to identify where the district court failed "to consider a relevant factor that should have received significant weight, [gave] significant weight to an improper or irrelevant factor, or consider[ed] only the appropriate factors but commit[ted] a clear error of judgment in weighing those factors," *see id.* (quoting *United States v. Delgado-Hernandez*, 646 F.3d 562, 568 (8th Cir. 2011) (per curiam)), and we find no reason to conclude that Sanchez's sentence was substantively unreasonable.

Alegria-Ugalde primarily raises an ineffective assistance of counsel claim. "We have repeatedly held that claims of ineffective assistance of counsel are generally best litigated in collateral proceedings, such as an action under 28 U.S.C. § 2255." *United States v. Schwarte*, 645 F.3d 1022, 1034 (8th Cir. 2011). "We will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent." *United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006). Here, the record is insufficiently developed to assess the reasonableness of the performance of Alegria-Ugalde's trial counsel, and we detect no plain miscarriage of justice. Therefore, we decline to consider this claim at this time.

Alegria-Ugalde's *pro se* briefs challenge the district court's calculation of his sentencing guidelines range, specifically its assignment of two offense levels to account for a leadership role, pursuant to U.S.S.G. § 3B1.1(c), and its assignment of a criminal history point for a traffic violation. We typically do not consider *pro se* arguments made by those represented by counsel. *United States v. Williams*, 599 F.3d 831, 834 n.3 (8th Cir.), *cert. denied*, 559 U.S. ---, 130 S. Ct. 2134 (2010). Even were

-4-

we to consider them, though, these arguments are precluded by Alegria-Ugalde's plea agreement, which contained a waiver of Alegria-Ugalde's "right to appeal the conviction and the sentence imposed," except in limited circumstances not applicable here. "We will enforce a defendant's appeal waiver against all issues that fall within the scope of the waiver if the defendant entered the plea agreement and appeal waiver 'knowingly and voluntarily' and enforcement of the waiver would not cause a 'miscarriage of justice.'" *United States v. Boroughf*, 649 F.3d 887, 890 (8th Cir. 2011) (quoting *United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010)). We conclude that his waiver was knowing and voluntary, and we are aware of no circumstance that would merit application of the narrow exception for a miscarriage of justice in this case. *See United States v. Schulte*, 436 F.3d 849, 850 (8th Cir. 2006). Accordingly, we decline to reach Alegria-Ugalde's challenges to the sentencing guidelines calculations.

We affirm.

_____