# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-2510

———————————————

United States of America

*Plaintiff - Appellant*

v.

Keith Richard Foster

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the District of North Dakota - Eastern

——————————

Submitted: March 16, 2023
Filed: April 28, 2023
[Unpublished]

——————————

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

——————————

PER CURIAM.

The Government appeals Keith Foster's sentence, arguing that the district court improperly sentenced him below the statutory minimum. Foster was indicted for conspiracy to distribute a controlled substance, *see* 21 U.S.C. §§ 841(a)(1), 846, and then detained for three days until he was granted pretrial release on the condition that he reside in a sober-living facility. Later, Foster entered a guilty plea. Without

objection from the Government, the district court allowed Foster to remain on bond, even though 18 U.S.C. § 3143(a)(2) required Foster to be detained until sentencing unless there were "exceptional reasons" why detention was not appropriate. 18 U.S.C. § 3145(c).

Foster's advisory sentencing guidelines range was 130 to 162 months' imprisonment, and the mandatory minimum was 120 months' imprisonment. *See* § 841(b)(1)(A)(viii). The Government moved for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based on Foster's substantial assistance to the Government in investigating and prosecuting other drug traffickers through a proffer interview. Section 3553(e) authorizes a district court, upon the government's motion, to impose a sentence below the statutory minimum based on the defendant's substantial assistance to the government's "investigation or prosecution of another person who has committed an offense." When deciding whether to depart under § 3553(e), the court considers factors such as the quality, nature, and significance of the defendant's assistance. *United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008); *see United States v. Stewart*, 509 F.3d 450, 453 (8th Cir. 2007) ("A substantial assistance reduction is judged by the degree and quality of the assistance actually provided, not the defendant's willingness to do more and inability to do so.").

At sentencing, the Government recommended a downward variance to the statutory minimum based on the § 3553(a) factors. It further reiterated its recommendation for a downward departure below the statutory minimum to 80 months' imprisonment pursuant to § 5K1.1 and § 3553(e). For his part, Foster requested a sentence of time served, relying on the § 3553(a) factors. The district court noted the Government's motion for a downward departure but mistakenly characterized the Government's request for an 80-month sentence as based on the § 3553(a) factors, rather than on § 3553(e). The district court then discussed those factors, citing primarily Foster's success in the sober-living facility, and sentenced him to time served and 2 years' supervised release. The Government objected on the ground that any departure below the statutory minimum must be based solely on assistance-related factors. The Government now appeals Foster's sentence.

We review *de novo* whether the district erred in departing downward based on impermissible factors. *United States v. Williams*, 474 F.3d 1130, 1131 (8th Cir. 2007). "Where a court has authority to sentence below a statutory minimum only by virtue of a government motion under § 3553(e), the reduction below the statutory minimum must be based exclusively on assistance-related considerations." *Id.* at 1130-31; *see United States v. Billue*, 576 F.3d 898, 903-04 (8th Cir. 2009); *United States v. Burns*, 577 F.3d 887, 894 (8th Cir. 2009) (en banc). So, "if a district court imposes a sentence below the statutory minimum in part so as to reflect the history and characteristics of the defendant, then the court exceeds the limited authority granted by § 3553(e)." *Billue*, 576 F.3d at 903 (internal quotation marks omitted).

Here, the district court exceeded its authority under § 3553(e). Because the Government moved for a departure under § 3553(e), the court could impose a sentence below the 120-month minimum, but it could only do so based on Foster's substantial assistance to the Government. *See Williams*, 474 F.3d at 1130-31. Yet the district court departed downward based on the § 3553(a) factors alone. At sentencing, the court discussed Foster's drug-abuse history and his success in a sober-living facility during pretrial release without mentioning any consideration of the quality, nature, and significance of Foster's assistance. *See Johnson*, 517 F.3d at 1024. The district court therefore erred in sentencing Foster to less than 120 months' imprisonment. *See United States v. Salas-Barraza*, 579 F.3d 885, 891 (8th Cir. 2009) (vacating a sentence because the "district court did not base its sentence solely on assistance-related considerations").

Foster argues that any error is harmless because the Government does not challenge the reasonableness of the sentence. *See* Fed. R. Crim. P. 52(a). We disagree. The district court made no findings about the extent of Foster's assistance, which the Government said was limited to a single proffer interview. *See Stewart*, 509 F.3d at 453. Thus, we do not know how much the district court would have departed downward from the statutory minimum had it properly relied only on assistance-related considerations.

For the foregoing reasons, we vacate Foster's sentence and remand to the district court for resentencing.

––––––––––––––––––––––––––––––––