# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 06-1762

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Cassandra Plaza, also known as | * | |
| Casandra Plaza, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 18, 2006
Filed: December 28, 2006

_____

Before WOLLMAN, RILEY and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.


Cassandra Plaza pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The district court sentenced Plaza to 12 months and one day of imprisonment. The Government appeals the sentencing procedure as improper and the sentence as unreasonable. We vacate Plaza's sentence and remand for resentencing.

## I.    BACKGROUND

From January 1, 2004 to October 22, 2004, Cassandra Plaza, a 20-year-old woman, participated in an ongoing methamphetamine distribution ring that shipped methamphetamine from California to be sold in Des Moines, Iowa. Plaza relocated from California to Des Moines for the purpose of selling the methamphetamine that the ring delivered to Des Moines. In June 2004, police in Des Moines began an investigation of Matt Kinseth. On two occasions, they observed Plaza enter Kinseth's house with a bag and leave without it. After the second occasion, the police stopped Plaza for a traffic violation and discovered $19,000 in Plaza's pocket. They executed a search warrant at her residence, which she shared with Rene Plaza, her cousin and co-defendant, and uncovered 2,517.88 grams of methamphetamine and drug packaging materials.

After Plaza was arrested, she cooperated fully with the police and provided information about individuals both above and below her in the methamphetamine distribution chain. The Government found all of her information to be truthful and attributed four co-defendants' guilty pleas to Plaza's cooperation.

On September 28, 2005, Plaza pled guilty to one count of conspiracy to distribute methamphetamine. In determining her advisory sentencing guidelines range, the district court found Plaza to be responsible for 2.5 kilograms of actual methamphetamine and 11.34 kilograms of a mixture containing methamphetamine, resulting in a base offense level of 38. United States Sentencing Guidelines § 2D1.1(c)(1). Plaza's base offense level was decreased by two levels because she met the criteria for safety-valve relief pursuant to U.S.S.G. §§ 2D1.1(b)(9) and 5C1.2 in that she only had one criminal history point, she did not use any violence or firearms in connection with the methamphetamine conspiracy, no person was seriously injured or killed in the conspiracy, she was not an organizer or leader of the

-2-

conspiracy, and she provided all of the information she knew about the conspiracy to the Government. Plaza also received a three-level downward adjustment for acceptance of responsibility. U.S.S.G. § 3E1.1. These reductions resulted in a total offense level of 33. With a criminal history category of I, the district court determined that Plaza's advisory sentencing guidelines range was 135 to 168 months. The statutory mandatory minimum sentence was 120 months. 21 U.S.C. § 841(b)(1)(A). However, the district court granted Plaza safety-valve relief from the statutory mandatory minimum pursuant to 18 U.S.C. § 3553(f).

The Government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 and moved the district court to reduce Plaza's sentence by 25 percent. In its opening discussion before sentencing Plaza, the district court noted that "[t]his [motion] *would result* in a sentence, *if* the Court based the sentence only on the advisory guidelines factor, instead of all the co-equal 3553(a) factors the Court must consider, of just over 101 months." Sent. Transcript at 18 (emphases added). The district court, however, neither indicated specifically whether it granted the Government's motion for downward departure nor identified specifically how far down it was actually departing based on Plaza's cooperation. While the district court did indicate in the statement of reasons in the judgment that it granted a § 5K1.1 departure to Plaza, it did not state the extent of the departure nor any specific reasons that supported its decision to grant the departure. It also did not reference the motion when imposing Plaza's ultimate sentence. Sent. Transcript at 22-23 ("Accordingly, the Court, after considering all of the 3553(a) factors, orders the defendant . . . to serve a 12 month and one day term of imprisonment.").

The district court did consider other factors in imposing the sentence. It recognized that no firearms or violence were involved in the offense. It also elaborated on Plaza's background and characteristics. Plaza was 20 years old at the time of the offense, this was her first criminal offense, she was single and without

children, she had tried illegal drugs but had no addiction and she graduated from high school with grades of mostly As and Bs. Furthermore, after Plaza was arrested, her parents and siblings moved from California to Iowa to provide support. Finally, the district court concluded that Plaza posed no danger to the community. According to the district court, she was not able "to perceive the consequences of her actions," and there was a "low likelihood [that she would] recidivate given the absence of drug addictions." The district court also noted a 2002 U.S. Sentencing Commission survey that found a majority of judges believed drug punishments were "greater than appropriate to reflect the seriousness of drug trafficking offenses." It then stated that a state court would award a much shorter sentence for this type of offense and that "imprisonment is not an appropriate means of promoting correction and rehabilitation." *See* 18 U.S.C. § 3582(a).

In considering these factors, the district court sentenced Plaza to 12 months and one day of imprisonment and filed a sentencing order outlining its justifications. This sentence was lower than the 60 months that Plaza requested, and it amounted to a 123-month, or 91 percent, reduction from the advisory sentencing guidelines range before any departure. The Government appeals the sentence as unreasonable and argues that the procedure used by the district court was improper.

## II.    DISCUSSION

We review a district court's application of the guidelines de novo. *United States v. Mathijssen*, 406 F.3d 496, 498 (8th Cir. 2005). We vacate a sentence imposed by a district court and remand for resentencing if the sentence "was imposed . . . as a result of an incorrect application of the sentencing guidelines." *Id.* (quoting 18 U.S.C. § 3742(f)(1)).

A district court must follow the proper procedure when sentencing a defendant post-*Booker*. *United States v. Ture*, 450 F.3d 352, 356 (8th Cir. 2006) (citing *United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir. 2005)). First, the district court must "determine the appropriate sentencing range under the Guidelines." *Id*. Next, the district court must "decide if a traditional departure under the Guidelines is appropriate," thus creating an advisory guidelines sentencing range. *Id*. Finally, the district court must "consider the § 3553(a) factors to determine a sentence." *Id*.

A district court may depart from the sentencing range when the Government files a motion for substantial assistance pursuant to U.S.S.G. § 5K1.1. *United States v. Peterson*, 455 F.3d 834, 837 (8th Cir. 2006). Additionally, the district court may sentence a defendant below the statutory mandatory minimum when the Government brings a motion for substantial assistance pursuant to 18 U.S.C. § 3553(e). *Id*. A district court's "departure or reduction pursuant to § 5K1.1 or § 3553(e) 'can be based only on assistance-related considerations.'" *United States v. Saenz*, 428 F.3d 1159, 1162 (8th Cir. 2005) (quoting *United States v. Pepper*, 412 F.3d 995, 998 (8th Cir. 2005)).

The Government argues that the district court failed to follow the appropriate sentencing procedure because it did not specifically state which portion of the reduced sentence was based on the departure factors under § 5K1.1 and § 3553(e) and which portion was based on the § 3553(a) factors. The procedural requirements dictate that the district court must decide if the departure is appropriate and determine the resulting advisory guidelines sentencing range after determining the appropriate amount of the departure. Only after this step may the district court consider the § 3553(a) factors.[1] *Ture*, 450 F.3d at 356. Without a clear statement by the district

---

[1]Because the issues are not ripe and were not briefed by the parties, we express no opinion as to whether the district court may grant a downward variance below the statutory mandatory minimum based on the § 3553(a) factors where, as here, the

court of its decision to depart, the extent of the departure and the reasons for the departure, we are unable to conduct the necessary review of the extent of the departure for reasonableness. *See Saenz*, 428 F.3d at 1162, 1164-65 (holding a departure unreasonable after reviewing the district court's reasons for the extent of the departure).

In the instant case, the district court did not clearly state at the sentencing hearing that it was granting the Government's motion for a downward departure based on Plaza's substantial assistance. While the statement of reasons in the judgment indicates that the district court did decide to grant the motion, we cannot determine the extent of any departure granted because of the district court's ambiguous language stating that the Government's recommended departure "*would result* in a sentence, *if* the Court based the sentence only on the advisory guidelines factor . . . of just over 101 months." Sent. Transcript at 18 (emphases added). Additionally, the district court's failure to state specifically the reasons for the extent of the substantial assistance departure prevents us from determining the reasonableness of any departure. Instead of properly isolating the consideration of the assistance-related factors to its departure determination, the district court consolidated all of its considerations in reaching the ultimate sentence of 12 months and one day of imprisonment. Therefore, we must vacate the sentence. *See Peterson*, 455 F.3d at 837 (remanding for resentencing "[b]ecause the district court did not specify its reasons for granting the motions for substantial assistance, apart from other sentencing considerations"). Because the district court failed to follow the proper sentencing procedure and we find that a remand is necessary, we need not address the Government's remaining arguments.

---

district court was allowed to sentence below the statutory mandatory minimum due to a downward departure motion under 18 U.S.C. § 3553(e) and due to the safety-valve provisions, 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

## III.    CONCLUSION

Accordingly, we vacate the sentence and remand for resentencing.  On remand, the district court should follow the sentencing procedure as outlined in *Ture*, 450 F.3d at 356.

_____