# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2532

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Amanda Williams, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: December 13, 2006
Filed: January 29, 2007

_____

Before BYE, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

The Sentencing Reform Act provides that a district court has "limited authority to impose a sentence below a statutory minimum," upon motion of the government, "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). This case presents the question whether a district court, after reducing a sentence based on substantial assistance pursuant to § 3553(e), may reduce the sentence further based on factors, other than assistance, set forth in 18 U.S.C. § 3553(a). We hold that it may not. Where a court has authority to sentence below a statutory minimum only by

virtue of a government motion under § 3553(e), the reduction below the statutory minimum must be based exclusively on assistance-related considerations.

Amanda Williams pled guilty to conspiracy to distribute more than 500 grams of methamphetamine within 1000 feet of a protected location. At sentencing, the government filed motions under USSG § 5K1.1 and 18 U.S.C. § 3553(e) to reduce her sentence based on the provision of substantial assistance to authorities in the investigation or prosecution of other persons. A motion under § 5K1.1 authorizes the sentencing court to depart below the applicable advisory guideline range in determining the advisory guideline sentence, and a § 3553(e) motion permits the court to sentence below a statutory minimum. *See Melendez v. United States*, 518 U.S. 120, 128-29 (1996).

Prior to any reduction for assistance, the advisory guideline sentence for Williams was 120-121 months' imprisonment, and the applicable statutory minimum was 120 months. The district court granted the substantial-assistance motions and announced that it would reduce the term of imprisonment to 78 months based on Williams's assistance. The court then invoked § 3553(a) to reduce the sentence further, to a final term of 60 months' imprisonment, based on Williams's young age, medical history, drug use, and limited criminal history. The government does not challenge the district court's reduction of the sentence to 78 months based on substantial assistance, but argues that the additional reduction to 60 months was legally impermissible, because the court relied on factors other than substantial assistance. This is a legal question that we review *de novo*. *United States v. Peterson,* 455 F.3d 834, 837 (8th Cir. 2006).

We have said that a reduction in sentence based on § 3553(e) may be based only on assistance-related considerations, *e.g.*, *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006); *United States v. Saenz*, 428 F.3d 1159, 1162 (8th Cir. 2006), but we have twice reserved deciding whether, in light of *United States v. Booker*, 543 U.S.

220 (2005), a district court may also rely on § 3553(a) to reduce a sentence further below the statutory minimum once the government has filed a motion under § 3553(e). *Plaza*, 471 F.3d at 930 n.1; *Saenz*, 428 F.3d at 1165 n.2. In *Peterson*, we implied strongly – if we did not explicitly hold – that a district court in that situation is limited to assistance-related considerations. The district court in *Peterson* imposed a sentence below a statutory minimum after the government filed a motion under § 3553(e). We observed that in reducing the sentence, "the district court discussed factors other than Peterson's assistance," and we concluded that a remand was required because we could not determine "the weight the district court gave *permissible* factors regarding Peterson's assistance." 455 F.3d at 837 (emphasis added). The clear implication of *Peterson* is that factors unrelated to assistance were not "permissible" considerations in determining the extent of a reduction below the statutory minimum.

To the extent the question remains open after *Peterson* (as the *Plaza* panel apparently thought it was), we conclude that the text of § 3553(e) provides a clear answer, and that *Booker* does not expand the district court's authority to impose a sentence below a statutory minimum. Section 3553(e) provides:

> (e) **Limited authority to impose a sentence below a statutory minimum.** — Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

Two aspects of the text are particularly instructive. First is the title, which states that the section provides only "limited authority" to impose a sentence below the statutory minimum. Congress evidently wanted statutory minimum sentences to be firmly enforced, subject only to carefully "limited" exceptions. *United States v.*

*Ahlers*, 305 F.3d 54, 61-62 (1st Cir. 2002). The body of § 3553(e) specifies precisely how a sentencing court's authority is limited. It may impose a sentence below the statutory minimum only "*so as to reflect a defendant's substantial assistance.*" 18 U.S.C. § 3553(e) (emphasis added). If a district court imposes a sentence below the statutory minimum in part so as to reflect the history and characteristics of the defendant, *see* § 3553(a)(1), then the court exceeds the limited authority granted by § 3553(e). The second textual sentence of § 3553(e) refers back to the penal sentence contemplated in the first textual sentence, and thus "restricts the court's reference to those guidelines and policy statements that bear directly upon the desirability and extent of a substantial assistance departure." *Ahlers*, 305 F.3d at 61.

Nothing in the reasoning of *Booker* expands the authority of a district court to sentence below a statutory minimum. The Court's remedial holding provided that to cure the constitutional infirmity of the mandatory guidelines system, a district court is authorized to consider the factors set forth in § 3553(a), and to vary from the sentence otherwise indicated by *the sentencing guidelines*. But *Booker* did not question the constitutionality of statutory minimum sentences, *see United States v. Rojas-Coria*, 401 F.3d 871, 874 n.4 (8th Cir. 2005), and while the Court excised §§ 3553(b)(1) and 3742(e) from the Code, § 3553(e) was unmentioned in the opinion. The Court deviated from the mandatory guidelines system adopted by Congress only insofar as the deviation was necessary to make the remaining advisory system consistent with the Sixth Amendment. *Booker*, 543 U.S. at 263-64. Because statutory minimum sentences remain constitutional, and it is constitutional for Congress to limit a court's authority to sentence below such minimums, the remedial holding of *Booker* does not impact the pre-existing limitations embodied in § 3553(e).

In this case, the district court reduced Williams's sentence below the statutory minimum in two increments – one based on substantial assistance and one based on other factors. Because the second increment was impermissible for the reasons

explained above, we vacate the sentence and remand for resentencing consistent with this opinion.

_____