# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3103

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Jay Clark Christensen, Jr., | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: February 10, 2009
Filed: September 9, 2009

_____

Before LOKEN, Chief Judge, MELLOY and BENTON, Circuit Judges.

_____

LOKEN, Chief Judge.

Jay Clark Christensen, Jr. pleaded guilty to conspiracy to distribute methamphetamine and manufacturing methamphetamine within 1000 feet of a protected location in violation of 21 U.S.C.A. §§ 841(a)(1), 841(b)(1)(A) and (B), 841(c)(2), 846, 851 and 860(a), and 18 U.S.C.A. § 2. Due to prior drug convictions, Christensen was subject to a mandatory life sentence on the first count. He was subject to a ten year mandatory minimum on the second. Recognizing Christensen's lengthy and substantial cooperation -- starting in 2003 he was repeatedly debriefed, testified before a grand jury, arranged for an undercover officer to meet with a drug dealer, and participated in several controlled buys -- the government filed substantial

assistance motions under 18 U.S.C.A. § 3553(e) on the life sentence and U.S.S.G. § 5K1.1 on both counts.

The district court[1] concluded that Christensen's assistance was extraordinary. Starting from a baseline life sentence of 406 months, the court granted a 60% departure and sentenced Christensen to 162 months in prison. The court stated it would have granted a greater departure from the mandatory minimum sentence based on § 3553(a) sentencing factors but lacked authority to do so under United States v. Williams, 474 F.3d 1130 (8th Cir. 2007). Christensen appeals, arguing that Gall v. United States, 128 S. Ct. 586 (2007), overruled our decision in Williams, and that the district court erred in not granting a greater departure. We affirm.

We held in Williams that a § 3553(e) departure below a statutory minimum sentence "must be based exclusively on assistance-related considerations" because "[n]othing in the reasoning of [United States v. Booker, 543 U.S. 220 (2005),] expands the authority of a district court to sentence below a statutory minimum." 474 F.3d at 1131-32. Gall considered deviations from the advisory Guidelines, not departures from mandatory minimum sentences under § 3553(e). Accordingly, panels and now the court en banc have reaffirmed Williams, concluding that Gall did not expand the limited departure authority granted by § 3553(e). See United States v. Burns, No. 04-2901, 2009 WL 2525585, at *13 (8th Cir. Aug. 20, 2009) (en banc); United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008). The district court properly limited its § 3553(e) departure analysis to a consideration of Christensen's substantial assistance, declining to consider the § 3553(a) factors.

Christensen argues the district court erred in not granting a greater § 3553(e) departure based on his substantial assistance. He first contends the court erred in

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

selecting 406-months -- one month above the highest non-life sentence in the Guidelines table -- as the starting point for the sixty percent departure, instead of considering the § 3553(a) factors in selecting a point between 360 and 470 months. The Guidelines do not prescribe a life sentence equivalent in months. In United States v. Keller, 413 F.3d 706, 711 & n.5 (8th Cir. 2005), cert. denied, 126 S. Ct. 786 (2005), we affirmed the use of a 470-month starting point, based upon life expectancy data in the Sentencing Commission's 2001 Sourcebook of Federal Sentencing Statistics. In United States v. Selby, 184 Fed. App'x 589, 591 (8th Cir. 2006) (unpublished), we concluded that the use of 405 months was not error. In United States v. Jensen, 493 F.3d 997, 1000 (8th Cir. 2007), vacated, 128 S. Ct. 1069 (2008), we upheld the use of 360 months but noted "that figure represents *no* incremental punishment from Level 42 to Level 43." As these decisions illustrate, when the district court elects to apply a percentage reduction to an estimate of a life sentence in months -- which is not the only permissible departure methodology -- the critical question for purposes of our review is the substantive reasonableness of the resulting sentence. The district court did not err in using 406 months as its starting point.

Christensen also argues that his sentence is substantively unreasonable because a sixty-percent departure does not reflect the value of his cooperation. We consider the reasonableness of a § 3553(e) departure under the abuse-of-discretion standard mandated by Gall, according  the district court's assessment of  the significance and usefulness of Christensen's assistance "the institutional deference it deserves." Burns, at *7. Here, the district court thoroughly reviewed Christensen's assistance, found it to be extraordinary, and granted a substantial departure. The court properly refused to consider other factors urged by Christensen, such as his rehabilitation and contrition. The resulting sentence was not substantively unreasonable.

The judgment of the district court is affirmed.

_____