**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4549**

UNITED STATES OF AMERICA,

                Plaintiff - Appellant,

        v.

SAMUEL BEVERLY BOULWARE,

                Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., District
Judge.  (3:08-cr-00046-JFA-1)

Submitted:  February 18, 2010      Decided:  February 23, 2010

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant.   Jane Barrett Taylor, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his guilty plea, Samuel Beverly Boulware was convicted of possession with intent to distribute crack cocaine. Based on his prior felony drug convictions, he faced a statutory minimum sentence of ten years. However, the district court granted the Government's motion pursuant to 18 U.S.C. § 3553(e) (2006) for a departure below the statutory minimum based upon Boulware's substantial assistance, and sentenced Boulware to 84 months in prison. On appeal, Boulware's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing the validity of the guilty plea and the district court's denial of Boulware's request for a variance sentence, but stating that there was no merit to the appeal. Although advised of his right to file a pro se supplemental brief, Boulware has not filed a brief. Our review of the record discloses no reversible error; accordingly, we affirm Boulware's conviction and sentence.

We find that Boulware's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Boulware was properly advised of his rights, the offense charged, and the mandatory minimum sentence he faced. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or

2

influenced by any promises.  See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).  We therefore affirm Boulware's conviction.

Next, we find that the district court properly denied Boulware's request for a variance sentence below the Guidelines range established after granting the Government's motion for a downward departure.  See United States v. Hood, 556 F.3d 226, 234 n.2 (4th Cir.), cert. denied, 130 S. Ct. 321 (2009); United States v. A.B., 529 F.3d 1275, 1285 (10th Cir.), cert. denied, 129 S. Ct. 440 (2008) (holding that district court did not have authority to depart any further below the statutory minimum after granting the § 3553(e) motion, and therefore need not consider the § 3553(a) factors); United States v. Williams, 474 F.3d 1130, 1131 (8th Cir. 2007).  Accordingly, we affirm Boulware's sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Boulware's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move for leave to withdraw from

3

representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED