# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1156

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　District of Minnesota.
Jorge Rios Roman,　　　　　　　*
　　　　　　　　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　　　Appellant.　　　*

_____

Submitted: October 21, 2009
Filed: March 9, 2010

_____

Before MELLOY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jorge Roman pleaded guilty to one count of possession with intent to distribute methamphetamine (Count 1) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Roman also pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking crime (Count 2) in violation of 18 U.S.C. § 924(c)(1)(A). The district court[1] imposed a 144-month sentence. On appeal, Roman maintains that this sentence is substantively unreasonable. For the following reasons we disagree and affirm the judgment of the district court.

---

[1]The Honorable James M. Rosenbaum, United States District Judge for District of Minnesota.

## I. *Background*

On January 30, 2008, law enforcement officers apprehended Roman and recovered approximately 614 grams of methamphetamine, a loaded ITECH, MAC 10 .22 caliber submachine gun, several stolen hunting rifles, and more than $10,000 in cash, including prerecorded buy funds. After his arrest, Roman provided substantial assistance to the government. At sentencing, the district court calculated the applicable Guidelines range to be 211 to 248 months (151 to 188 months for Count 1 and the statutory mandatory minimum 60 months for Count 2). The district court then granted the government's substantial assistance motion and sentenced Roman to 84 months' imprisonment for Count 1—36 months below the statutory mandatory minimum of 120 months. The court ordered the 60-month sentence for Count 2 to run consecutively. The total resulting sentence of 144 months' imprisonment reflects a reduction of 32 percent from the low end of the applicable Guidelines range.

## II. *Discussion*

On appeal, Roman maintains that the district court abused its discretion in imposing a Guidelines sentence of 84 months for Count 1. Roman contends that the court did not consider safety risks he assumed nor the extent of his cooperation in imposing his sentence. He argues that, given the amount of cooperation he provided and the potential danger the cooperation created, the district court should have departed further from the statutory 120-month minimum. Roman also submits that the district court did not consider the U.S.S.G. § 5K1.1 factors.

When a criminal defendant challenges his sentence as unreasonable, the court must review that sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "[T]he extent of a downward departure in the defendant's favor lies within the district court's discretion and is virtually unreviewable on a defendant's appeal, absent an unconstitutional motive animating the district court." *United States v. Dalton*, 478 F.3d 879, 881 (8th Cir. 2007).

Roman's arguments are unavailing. "A district court's departure or reduction pursuant to § 5K1.1 or § 3553(e) can be based only on assistance-related considerations." *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006) (internal quotations and citations omitted). The record reflects that the district court adequately considered Roman's assistance and the § 5K1.1 factors in imposing his sentence. Finally, no unconstitutional motive is present or even alleged in this case.

## III. *Conclusion*

The judgment of the district court is affirmed.

_____