# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3596

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Kirk Demeyer, | * | |
| | * | [PUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: October 17, 2011
Filed: January 26, 2012

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

PER CURIAM.

Kirk Demeyer raped his developmentally disabled teenage daughter, photographed and videotaped her engaged in sexually explicit conduct, and transmitted these sexually explicit materials over the internet through file sharing services and live webcam transmissions. He was identified during an investigation of an on-line file sharing program, and examination of his computer revealed 16,098 still images and 735 video files of child pornography, including 594 files concerning his daughter. After he was convicted in state court of raping his daughter, Demeyer pleaded guilty to four counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e).

The advisory guidelines range for Demeyer's offenses was life in prison. Describing the horrendous abuse of Demeyer's daughter as "child pornography at its worst and at it most hurtful," the district court[1] determined that the recommended guidelines sentence was appropriate. Because the statutory maximum sentence for each count of conviction was thirty years in prison, the court sentenced Demeyer to four consecutive thirty-year prison terms, to be concurrent with the undischarged portion of the forty-year rape sentence he is serving. Demeyer appeals, arguing the 120-year sentence is substantively unreasonable. We affirm.

Demeyer argues that because he was 52 years old at sentencing, the 120-year sentence "does not accurately reflect a 'life' sentence as contemplated by the guidelines." One or at most two thirty-year sentences, he argues, would be sufficient to achieve the sentencing purposes of 18 U.S.C. § 3553(a). The district court rejected this argument at sentencing. It was well within its discretion to do so.

Demeyer concedes, as he must, that the guidelines sentence of life in prison was substantively reasonable punishment for his horrific crimes. That being so, it is not for us to micro-manage how the district court exercised its discretion to impose concurrent or consecutive sentences for the multiple counts of conviction in order to ensure that Demeyer would in fact serve a life sentence. As we said in affirming a 750-year sentence imposed on a defendant whose child pornography offenses victimized his granddaughters, "The district court emphasized incapacitation . . . and stressed the importance of a life sentence in achieving that result. The absurdity of a 750 year sentence, or even a 10,000 year sentence, should not detract from the gravity of [the defendant's] crimes." United States v. Betcher, 534 F.3d 820, 828 (8th Cir. 2008), cert. denied, 129 S. Ct. 962 (2009); see United States v. Metzger, 411 Fed.

---

[1]The Honorable Jimm Larry Hendren, Chief Judge of the United States District Court for the Western District of Arkansas.

App'x 1, 4 (7th Cir. 2010) (unpublished) ("Once Metzger acknowledged the validity of a life term for his crimes, his sentence for hundreds of years is not excessive.").

Very long prison sentences for particularly abhorrent conduct have been repeatedly upheld.  See United States v. Sarras, 575 F.3d 1191, 1220-1221 (11th Cir. 2009) (collecting cases and affirming a 100-year sentence).  The district court did not abuse its substantial sentencing discretion.

The judgment is affirmed.

_____