**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4087**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

GABRIEL ELIJAH MARTIN,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:11-cr-00048-CCE-2)

_____

Submitted:  November 6, 2012        Decided:  November 9, 2012

_____

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gabriel Elijah Martin pled guilty pursuant to a plea agreement to two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006). After the court granted the Government's motion pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1, p.s. (2011), and 18 U.S.C. § 3553(e) (2006), Martin was sentenced to 63 months' and 225 months' imprisonment, to run consecutively. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court committed procedural error by failing to consider the factors in USSG § 5K1.1(a) when determining whether to depart more than the sentence reduction requested by the Government. Martin was advised of his right to file a pro se supplemental brief, but he did not do so. We affirm.

We review Martin's sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if, among other requirements, the court considers the factors in 18 U.S.C. § 3553(a) (2006). See Gall, 552 U.S. at 49-51. However, "in determining the extent of a departure below a statutory minimum a district court should look [solely] to the

2

substantial assistance factors listed in [USSG] § 5K1.1(a) . . . and other factors related to that assistance." United States v. Hood, 556 F.3d 226, 234 n.2 (4th Cir. 2009) (internal citation omitted); see also United States v. A.B., 529 F.3d 1275, 1285 (10th Cir. 2008) (holding that district court did not have authority to depart any further below statutory minimum after granting § 3553(e) motion and could not consider § 3553(a) factors); United States v. Williams, 474 F.3d 1130, 1130-31 (8th Cir. 2007) (holding that district court may look only to § 3553(e) in going below statutory minimum and not to factors listed in § 3553(a)).

Our review of the record leads us to conclude that the district court did not err in its determination of whether to depart more than the reduction requested by the Government. The court considered the parties' arguments based on factors relevant to substantial assistance. See USSG § 5K1.1(a), p.s. (providing non-exhaustive list of substantial assistance factors). The court then determined that the Government's recommendation was appropriate "given the nature of the cooperation and the procedural situation that existed when [Martin] came forward." (E.R. 230);[*] see USSG § 5K1.1(a)(1),

---

[*] "E.R." refers to the electronic record filed in this court.

3

(3).  The court then correctly noted that, under <u>Hood</u>, it did not have the authority to consider Martin's family and personal history as that information did not relate to Martin's substantial assistance.  While the court did mention the § 3553(a) factors, it already had determined the extent of the downward departure based on substantial assistance factors alone, and the additional explanation served only to provide a basis for the sentence in the event that the court had misinterpreted <u>Hood</u>, which it did not.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Martin, in writing, of the right to petition the Supreme Court of the United States for further review.  If Martin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Martin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4