**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12336
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*versus*

KAREN ALTAGRACIA PEREZ,

*Defendant-Appellee.*

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00204-RBD-DCI-2
_____

_____

No. 23-12977
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*versus*

JOVAN RIVERA RODRIGUEZ,

*Defendant-Appellee.*

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00204-RBD-DCI-3

_____

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ABUDU, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal requires us to decide whether a district court, on a motion to depart from a statutory minimum sentence for substantial assistance, *see* 18 U.S.C. § 3553(e), may depart further from the statutory minimum based on the general sentencing factors, *id.* § 3553(a). Karen Perez and Jovan Rivera Rodriguez were convicted of conspiracy to possess with intent to distribute vast quantities of fentanyl. Because of the quantity involved, they each faced mandatory sentences of ten years in prison. The government moved to reduce their sentences based on the substantial assistance they offered, but it opposed any reduction based on other factors. In both cases, the district court granted the substantial-assistance motion, and it reduced each sentence further based on the factors in section 3553(a). The government appealed both sentences. Because the text of section 3553(e) and our precedents make clear that departures for substantial assistance may be based only on the assistance factors, we vacate the sentences and remand to the district court to resentence Perez and Rivera Rodriguez.

# I. BACKGROUND

A federal grand jury indicted Karen Perez and Jovan Rivera Rodriguez for their role in a conspiracy to distribute fentanyl throughout the Orlando area. Perez and Rivera Rodriguez, along with their co-conspirators, distributed counterfeit pharmaceutical pills containing small amounts of fentanyl. Rivera Rodriguez picked up packages containing fentanyl and delivered them to his co-conspirators. Perez assisted her partner in unpacking the fentanyl pills at their house and sending them out to distributors. Both Rivera Rodriguez and Perez played minor roles in the conspiracy. But the quantity of drugs they distributed was not minor: both were responsible for possession or distribution of multiple kilograms of fentanyl.

Perez and Rivera Rodriguez pleaded guilty. Possession with intent to distribute more than 400 grams of fentanyl carries a minimum sentence of ten years. 21 U.S.C. § 841(b)(1)(A)(vi). The same minimum applies to drug conspiracies. *See id.* § 846. Because the amounts of fentanyl Perez and Rivera Rodriguez individually trafficked exceeded 400 grams, they each faced a minimum ten-year sentence.

Soon after she pleaded guilty, Perez and the prosecution began to dispute the appropriate sentence. Perez submitted a memorandum to the district court requesting two years of home confinement followed by supervised release, without reference to the statutory minimum. She relied on both sections 3553(a) and (e) as independent bases for a below-minimum sentence.

The prosecution filed a substantial-assistance motion under both section 5K1.1 of the Sentencing Guidelines and section 3553(e). The motion requested a two-level reduction in Perez's calculated offense level. It also argued that the district court could not depart further below the statutory minimum based on the general sentencing factors in section 3553(a).

The district court granted the prosecution's substantial-assistance motion and calculated a guideline range of 97 to 121 months. The district court asked the prosecutor what his position was on "the constraint on the Court of the minimum mandatory in light of the Government's 5K motion." The prosecutor reiterated the position taken in its motion: that the district court could not "vary below [the reduced sentence] based on noncooperation factors." After stating that it believed "the law is unsettled on that point," the district court asked defense counsel his opinion. Perez's counsel responded that, when the government files a substantial-assistance motion, "that resolves the minimum mandatory." The district court agreed with Perez and stated that "until the Eleventh Circuit tells me otherwise," it would "take into account all of the 3553 factors in fashioning a sentence," regardless of the mandatory minimum. It then sentenced Perez to 66 months in prison based on the factors in section 3553(a).

At Rivera Rodriguez's sentencing, the prosecution filed another substantial-assistance motion and again requested a two-point reduction in Rivera Rodriguez's offense level. The prosecution again objected to reducing the statutory minimum sentence

further based on section 3553(a). Rivera Rodriguez's sentencing memorandum stated in a footnote only that he "expects that [the minimum] will not apply in this case." The district court told the parties at the hearing that when "the Government files a 5K motion, in my view I then have discretion to impose any sentence that I think is warranted." After considering the section 3553(a) factors, the district court imposed a 60-month prison sentence.

## II. STANDARD OF REVIEW

"We review *de novo* the legality of a sentence." *United States v. Hall*, 64 F.4th 1200, 1202 (11th Cir. 2023).

## III. DISCUSSION

Federal courts may reward defendants for substantial assistance to the prosecution in three ways. First, section 5K1.1 of the Sentencing Guidelines allows the government to move to reduce a defendant's guideline range based on substantial assistance. United States Sentencing Guidelines Manual § 5K1.1 (Nov. 2024). That section lists five non-exhaustive factors a district court might consider in determining the extent of the reduction, each assistance-related. *See id.* Second, Federal Rule of Criminal Procedure 35(b) allows the government to move to reduce a criminal sentence to reward a defendant's post-conviction assistance. FED. R. CRIM. P. 35(b). This rule allows the sentencing court to "reduce the sentence to a level below the minimum sentence established by statute." *Id.* R. 35(b)(4). Third, section 3553(e)—titled "Limited Authority to Impose a Sentence Below a Statutory Minimum"—allows the sentencing court, "[u]pon motion of the Government," to

sentence below a statutory minimum. 18 U.S.C. § 3553(e). This departure is "to reflect a defendant's substantial assistance" in investigating or prosecuting another defendant. *Id*.

The district court erred. Section 3553(e) does not grant district courts authority to sentence a defendant below a statutory minimum based on non-assistance factors. That conclusion follows directly from the text and structure of section 3553(e), as made clear in several of our precedents.

We begin with the text. Subsection (e) neither obviates the statutory minimum nor allows a departure based on non-assistance factors. First, the subsection allows district courts to "impose a sentence below [the] level established by statute," not to impose any sentence they desire. *Id*. And it tells us why departures from the statutory minimum are allowed: "so as to reflect a defendant's substantial assistance." *Id*. This clause establishes that the purpose of the reduction is to "'reflect' a defendant's assistance." *United States v. Winebarger*, 664 F.3d 388, 392 (3d Cir. 2011). Any further reduction based on non-assistance factors would not reflect a defendant's substantial assistance and would "exceed[] the limited authority granted by [section] 3553(e)." *United States v. Williams*, 474 F.3d 1130, 1132 (8th Cir. 2007).

If the correct answer is not apparent from the text of subsection (e), the context leaves no doubt. Subsection (e) is paired with subsection (f) as the "only two circumstances in which a court can depart downward" from a minimum sentence in section 3553. *United States v. Simpson*, 228 F.3d 1294, 1304 (11th Cir. 2000). Where

Congress includes language in one section and omits it elsewhere, "it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (citation and internal quotation marks omitted). Unlike subsection (e), subsection (f) expressly allows a district court to sentence a defendant "without regard to any statutory minimum sentence." 18 U.S.C. § 3553(f). It allows the district court to sentence as it pleases and to consider all the subsection (a) factors. In contrast, subsection (e) "retains the mandatory minimum." *United States v. Ahlers*, 305 F.3d 54, 59 (1st Cir. 2002). Comparison with subsection (f) underscores what is clear from the text of subsection (e): a substantial-assistance motion does not eliminate the mandatory minimum. Instead, it allows "for a specific, carefully circumscribed type of departure." *Id.*

If the whole text of the statute failed to settle the issue, this Court has left no doubt. Our precedents recognize each premise in this chain and its inevitable conclusion. In *United States v. Williams*, we held that section 3553(e), unlike subsection (f), leaves the statutory minimum in place. 549 F.3d 1337, 1341 (11th Cir. 2008). In *United States v. Castaing-Sosa*, we held that section 3553(a) provides no authority to vary below a statutory minimum. 530 F.3d 1358, 1361 (11th Cir. 2008). And in *United States v. Mangaroo*, we instructed a district court to "consider *only* substantial assistance factors" in determining the extent of the departure from the statutory minimum. 504 F.3d 1350, 1356 (11th Cir. 2007) (emphasis added). In so doing, we reaffirmed our decision in *United States v. Aponte* that a motion under section 3553(e) could "accord[] [the defendant]

full credit *only* for the 'substantial assistance' he had rendered." 36 F.3d 1050, 1052 (11th Cir. 1994) (emphasis added). These precedents settle that section 3553(e) grants no authority to depart from a statutory minimum except based on assistance factors and that a district court cannot vary further downward based on the factors in section 3553(a).

All our numbered sister circuits agree. The First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have each held that a departure under section 3553(e) must be based on assistance factors alone. *See Ahlers*, 305 F.3d at 55; *United States v. Richardson*, 521 F.3d 149, 159 (2d Cir. 2008); *Winebarger*, 664 F.3d at 392–93; *United States v. Spinks*, 770 F.3d 285, 287 (4th Cir. 2014); *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006); *United States v. Williams*, 687 F.3d 283, 286 (6th Cir. 2012); *United States v. Johnson*, 580 F.3d 666, 672 (7th Cir. 2009); *Williams*, 474 F.3d at 1131–32; *United States v. Lee*, 725 F.3d 1159, 1168 (9th Cir. 2013); *United States v. A.B.*, 529 F.3d 1275, 1285 (10th Cir. 2008). That unanimous consensus confirms our interpretation.

Perez and Rivera Rodriguez argue that the "mandatory principles" of "just sentencing" embedded in section 3553(a) must govern sentences under subsection (e). But this argument is foreclosed by *Castaing-Sosa*. Subsection (a) "merely lists the factors the district court must consider in determining an appropriate sentence." *Castaing-Sosa*, 530 F.3d at 1361. A sentencing judge may still consider the section 3553(a) factors in deciding whether to grant a departure from the statutory minimum. This limited discretion does

not override Congress's determination that a particular minimum sentence is warranted. Perez and Rivera Rodriguez also fail to discuss the limiting clause of subsection (e) or the stark differences in how statutory minimums are treated in subsections (e) and (f). And they cannot deny the unanimous weight of circuit authority.

Perez and Rivera Rodriguez suggest that the government relies on dicta from inapposite cases, but we disagree. The holdings of *Williams, Mangaroo,* and *Castaing-Sosa* alone dictate our decision. Neither Perez nor Rivera Rodriguez address *Aponte.* Although they argue that *Mangaroo* confronted a narrower issue, they ignore that we instructed the district court to "consider only substantial assistance factors" in determining the defendant's sentence pursuant to a section 3553(e) motion. 504 F.3d at 1356. "Specific instructions to a trial court, which limit what it may consider or hold on remand, are not dicta." *Morales v. Zenith Ins. Co.,* 714 F.3d 1220, 1225 n.9 (11th Cir. 2013).

The extent of any departure from a statutory minimum under section 3553(e) must be based only on substantial-assistance factors. District courts may not vary downward based on section 3553(a). If this Court has not yet squarely held it, we do so now.

## IV. CONCLUSION

We **VACATE** the sentences and **REMAND** with instructions to resentence Perez and Rivera Rodriguez in accordance with this opinion.

23-12336                ABUDU, J., Concurring                1

ABUDU, Circuit Judge, Concurring:

I join the Court's opinion in full as the text and our precedent make clear that a district court cannot invoke the general sentencing factors in 18 U.S.C. § 3553(a) to reduce a sentence below a statutory mandatory minimum once that minimum applies. Section 3553(e) permits departures only "to reflect a defendant's substantial assistance" in investigating or prosecuting another offender, and nothing more. As the district court here relied on Section 3553(a) factors to go further below the statutory minimum, vacatur and remand are required. I write separately to highlight broader concerns about how this framework operates in practice.

Our Court has long held that statutory mandatory minimums remain binding absent a narrow statutory exception. Our decision today reinforces what this Court and every other numbered sister circuit has repeatedly said: a statutory minimum cannot be displaced by reference to the general Section 3553(a) factors. In *United States v. Castaing-Sosa*, 530 F.3d 1358, 1361 (11th Cir. 2008), we explained that Section 3553(a) provides no authority to vary below that minimum. In *United States v. Mangaroo*, 504 F.3d 1350, 1356 (11th Cir. 2007), we instructed the district court to "consider only substantial assistance factors" when departing under Section 3553(e), reaffirming what we said in *United States v. Aponte*, 36 F.3d 1050, 1052 (11th Cir. 1994): a defendant is entitled to credit for assistance rendered, but not to a broader reconsideration of all Section 3553(a) factors.

2                    ABUDU, J., Concurring                    23-12336

Taken together, these precedents create a one-directional sentencing regime. A district court may always look upward, guided by Section 3553(a), to impose a harsher sentence than the Sentencing Guidelines recommend. However, when a statutory minimum applies, a district court cannot look downward—except to the extent permitted under Section 3553(e) for substantial assistance, or under Section 3553(f) when the safety-valve provision applies.

This asymmetry warrants reflection.[1] Under the Guidelines, Section 1B1.1 itself directs that the Section 3553(a) factors are always to be considered last in calculating a sentence. District courts use these factors to vary above and below guideline sentences based on a range of factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to afford adequate deterrence to criminal conduct and provide just punishment. Yet when a statutory minimum applies, the district court cannot use the Section 3553(a) factors to vary downward. Instead, the factors give way, and in the context of a Section 3553(e) motion, any departure must be solely based on the defendant's "substantial assistance." Notably, a judge may still increase a sentence to reflect the seriousness of an offense or the need for deterrence, but she cannot decrease it to reflect a

---

[1] The Supreme Court in *United States v. Booker*, 543 U.S. 220, 245 (2005), emphasized that the Guidelines should be "effectively advisory," designed both to promote national uniformity and to preserve individualized sentencing. In *United States v. Henry*, 1 F.4th 1315, 1323–24 (11th Cir. 2021), we confirmed that courts err when they treat any Guidelines provision as binding.

defendant's minor role, personal history, or other Section 3553(a) considerations once the floor is re-set.

This restriction means that defendants with markedly different levels of culpability, personal histories, or prospects for rehabilitation may nonetheless receive identical sentences, or the defendant who played a greater role may receive a lower sentence, based entirely on the assistance rendered, the prosecutor's willingness to bring a motion, and how the district court measures such assistance.[2] *See, e.g., United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (holding that, when granting a U.S.S.G § 5K1.1 substantial-assistance departure, a district court may base the extent of the reduction only on assistance-related factors and may not consider other Section 3553(a) factors such as restitution, underscoring that cooperation—not culpability or personal circumstances—drives the reduction); *United States v. Livesay*, 525 F.3d 1081, 1092–93 (11th Cir. 2008) (explaining that a district court's Section 5K1.1 departure must be based solely on the defendant's assistance, and may not consider other factors such as culpability or personal history,

---

[2] *See* Sonja B. Starr & M. Marit Rehavi, *Mandatory Sentencing and Racial Disparity: Assessing the Role of Prosecutors and the Effects of Booker*, 123 YALE L.J. 2, 6–7 (2013) (finding that prosecutorial charging decisions interact with mandatory minimums in ways that heighten disparity, even in the post-*Booker* era); *see also* Shana Knizhnik, *Failed Snitches and Sentencing Stitches: Substantial Assistance and the Cooperator's Dilemma*, 90 N.Y.U. L. REV. 1722, 1755 n.205 (2015) ("It is for this reason that under the current sentencing regime, prosecutors must specifically make motions . . . in order for a judge to sentence below a mandatory minimum, rather than motions pursuant to § 5K1.1 of the Sentencing Guidelines.").

meaning that defendants with differing roles or histories could receive similar sentences if their cooperation is assessed similarly).

The present case illustrates the consequences. Ms. Perez and Mr. Rivera Rodriguez were minor participants in a conspiracy involving large quantities of fentanyl. The district court found both had provided assistance, and it sought to impose sentences that accounted not only for that cooperation but also for their limited culpability and other statutory factors. In many other sentencing circumstances, we trust district courts with that discretion. However, in the current framework, that is not allowed under Section 3553(e). *See Castaing-Sosa*, 530 F.3d at 1361; *Mangaroo*, 504 F.3d at 1356. Restricting the district court's discretion here heightens the risk of unwarranted disparities among defendants whose circumstances are materially different. As a matter of public policy, and perhaps due process,[3] a sentencing framework that allows wide discretion to increase one's sentence while barring comparable discretion for downward departures warrants reevaluation.

---

[3] *Cf United States v. Kikumura*, 918 F.2d 1084, 1119 (3rd Cir. 1990) (Rosenn, J., concurring) (reasoning that a defendant's due process rights may be violated by sentencing system that "replace[s] judicial discretion over sentencing with prosecutorial discretion").